```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


CARLOTTA BLOUNT,                 )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )    1:14cv919 (JCC/TCB)
                                 )
NORTHRUP GRUMMAN INFORMATION     )
TECHNOLOGY OVERSEAS, INC.        )
et al.,                          )
                                 )
     Defendants.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Northrop Grumman Information Technology Overseas, Inc.'s ("Defendant" or "Northrop Grumman") Motion to Compel Arbitration [Dkt. 19] and corresponding Memorandum in Support [Dkt. 20]. Plaintiff Carlotta Blount ("Plaintiff" or "Blount") has brought this action for harassment, retaliation, wrongful termination, failure to prevent discrimination and harassment, wage and hour violations, and breach of contract. (*See* Notice of Removal [Dkt. 1] Ex. 1.) For the reasons set forth below, the Court will **grant** Northrup Grumman's motion and stay this case pending arbitration.

**I. Background**

Carlotta Blount was employed by Northrop Grumman as a Network Engineer III from September 2010 through March 21, 2012.

(Notice of Removal [Dkt. 1], Ex. 1, Compl. ¶ 2 [hereinafter Compl.].) Her employment required her to work overseas. (*Id.* ¶ 44.) As a condition of employment, Blount entered into an International Assignment Agreement ("IAA"). (*See* Compl., Ex. 1, at 18-21 [hereinafter IAA].)[1] Relevant here, the IAA contained an arbitration clause.[2] Under a section labeled "Miscellaneous," it stated: "4.1. **Arbitration of Disputes.** You acknowledge that any employment-related legal claims during or after your Assignment will be subject to the Northrop Grumman Mediation/Binding Arbitration Program CO-H103A ("H103A"), but that the arbitration hearing and related proceedings shall be convened and conducted in McLean, VA U.S. [sic]." (IAA at 19.) The IAA also contained a forum-selection clause selecting Virginia state and federal courts as the appropriate forum for any disputes relating to the IAA. (*Id.*)

The H103A program requires both employees and Northrop Grumman "to submit all claims covered by this Program to binding

---

[1] Pagination of all exhibits is according to CM/ECF.
[2] Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin,* 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395, 396-97 (4th Cir. 2006). Northrop Grumman seeks dismissal of the complaint. (Def.'s Mem. in Supp. [Dkt. 20] at 12.) Therefore, with respect to the scope of materials that this Court can consider, this Court will treat Northrop Grumman's motion as a motion to dismiss. Accordingly, the IAA, which is attached to Blount's state court complaint, and Northrop Grumman's arbitration policy, which accompanies its motion, are properly before the Court.

arbitration, rather than to have such claims heard by a court or jury." (Muhly Decl. [Dkt. 22], Ex. A, at 3 [hereinafter H103A].) The arbitration program applies

> to any claim, controversy, or dispute, past, present, or future:
>
> > which in any way arises out of, relates to, or is associated with your employment with the Company, the termination of your employment or any communications with third parties regarding or related to your employment;
> >
> > and as to which a court would be authorized by law to grant relief if the claim were successful.

*Id.* Examples of claims included in the program are: claims for wages or other compensation due; unlawful retaliation claims; breach of contract claims; unlawful discrimination or harassment claims, including but not limited to discrimination or harassment based on race, sex, religion, national origin, age, disability, or any other status as protected and defined by applicable law; benefits (unless expressly excluded); and any violation of applicable federal, state, or local law. *Id.* at 3-4. No employee is required to arbitrate any claim under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment. *Id.* at 4.

Blount filed this action in the Superior Court for San Diego County on December 31, 2013. (*See* Compl.) She alleged

six causes of action: harassment in violation of the California Fair Employment and Housing Act ("FEHA") ("Count 1") (Compl. ¶¶ 46-51); retaliation, in violation of FEHA ("Count 2"); (Comp. ¶¶ 52-57); failure to prevent discrimination and harassment, in violation of the FEHA ("Count 3") (Compl. ¶¶ 58-63); wrongful termination, in violation of public policy ("Count 4") (Compl. ¶¶ 64-69); state statutory wage and hour violations ("Count 5") (Compl. ¶¶ 70-81); and breach of contract ("Count 6") (Compl. ¶¶ 82-87.). Northrop Grumman is named as a defendant as to all counts. In Count 1, Blount also names John McCann, Grant Bunderson, Rudy Velasquez, and Does 1 through 40 as defendants.[3] (Compl. ¶¶ 46-51.) Northrop Grumman removed the case to the U.S. District Court for the Southern District of California on the basis of diversity jurisdiction. (Notice of Removal at 2.) It then moved to compel arbitration or, in the alternative, to transfer venue. ([Dkt. 10.].) Without reaching the issue of arbitrability, the Court transferred the action here. (7/23/14 Mem. Op. [Dkt. 16] at 5.)

Northrop Grumman filed the instant motion and supporting memorandum on August 12, 2014 [Dkts. 19, 20]. A hearing on the motion was set for September 25, 2014. ([Dkt. 23].) Local Civil Rule 7(F)(1) provides that a party opposing a

---

[3] In the July 23, 2014 order, Judge Bencivengo stated that the "docket does not evidence that plaintiff has yet served the three individual defendants." (7/23/14 Mem. Op. [Dkt. 16] at 3 n.1.) This Court's review of the docket also determines that the individual defendants have not been served.

motion "shall file a responsive brief and such supporting documents as are appropriate, within eleven (11) days after service[.]" E.D. Va. Local Civ. R. 7(F)(1). Rule 6(d) of the Federal Rules of Civil Procedure adds three days to this period if service is made under Rule 5(b)(2)(E), which allows for service to be made through electronic means. Given these rules, Blount's response was due on August 26, 2014. That date came and went without any filing from her. On September 16, the Court informed both parties that it would take the case on the papers. On September 25, the date originally set for the hearing on Northrup Grumman's motion, Blount filed her opposition. ([Dkt. 27].)

Having been briefed, Northrop Grumman's motion is ripe for adjudication.

## II. Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–15, was intended to "create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Power Sys. & Controls, Inc. v. Schneider Elec. USA, Inc.*, No. 3:10CV137, 2010 WL 2384537, at *1 (E.D. Va. June 9, 2010) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)). The FAA reflects a liberal national policy favoring arbitration agreements. *Id.* (citation omitted). "[A]ny doubts concerning the scope of

arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24. Thus, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989).

The FAA provides that in a suit brought in any of the courts of the United States:

> upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3. If there is a failure or refusal to arbitrate under a written agreement, an aggrieved party may petition the court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

### III. Analysis

Before considering the merits of this motion, this Court must first address Blount's untimely filing. Blount's

opposition was approximately one month late. At no point did Blount move for an extension of time. *See* Fed. R. Civ. P. 6(b)(1)(B). Furthermore, she filed her opposition *after* the Court advised both parties that it was taking the case on the papers, a decision motivated by the lack of any responsive filing by Blount. Therefore, the Court declines to consider Blount's opposition in ruling on this motion. *See Smith v. Donahoe*, 917 F. Supp. 2d 562, 567-68 (E.D. Va. 2013) (granting defendant's motion to strike plaintiff's opposition brief that was filed two weeks late).

Notwithstanding this, the Court decides this motion, which is functionally equivalent to a motion to dismiss, on its merits. A number of federal courts have declared that a motion to dismiss may be properly granted without reaching the merits on grounds that a plaintiff's failure to respond is a concession that the motion should be granted or that dismissal is an appropriate sanction for failure to respond. *See Osborne v. Long*, No. 1:11-cv-00070, 2012 WL 851106, at *10 n.5 (S.D. W.Va. Mar. 13, 2012) (collecting cases). As one court has noted, however, "if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction[.]" *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

There is no local rule in this district that mandates dismissal for failure to respond, and this Court declines to adopt one. Therefore, the motion to compel arbitration will be considered on its merits.

### A. Arbitration

In the Fourth Circuit, a court must compel arbitration and stay the litigation if the moving party can demonstrate:

> (1) the existence of a dispute between the parties,
>
> (2) a written agreement that includes an arbitration provision which purports to cover the dispute,
>
> (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and
>
> (4) the failure, neglect or refusal of the [non-movant] to arbitrate the dispute.

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). Factors one, three, and four are not challenged here. There is a dispute between the parties. The transaction is related to interstate or foreign commerce, as Blount is a Georgia resident employed by a Virginia company and worked overseas. Finally, Blount has refused to arbitrate her claims. (Def.'s Mem. in Supp. [Dkt. 20] at 2.) Thus, the only issues to be resolved here are whether the written agreement between the two parties purporting to consent to arbitration is valid and covers the claims at issue.

**1. Enforceability of the Arbitration Agreement**

An arbitration agreement may be found unenforceable only if the party resisting arbitration can prove a generally applicable contract formation defense, such as fraud, duress, or unconscionability. *AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011); *see also* 9 U.S.C. § 2. In her complaint, which is Plaintiff's only operative filing before this Court, Blount has made no allegation that any of these contract defenses apply. Nor does she allege that she did not voluntarily sign the agreement. Therefore, the arbitration agreement is valid and enforceable.[4]

**2. Scope of the Arbitration Agreement**

The Court also finds that the IAA covers all the claims at issue here. The IAA states that the parties will submit "any employment-related legal claims" to binding arbitration. (IAA at 19.) The exceptions to that program do not apply here. Blount's complaint does not allege a cause of

---

[4] Three individual defendants, all employees of Northrup Grumman, were named in the complaint filed in California state court. To date, they have not yet been served with notice of this lawsuit. (*See* Def.'s Mem. in Supp. at 11.) Furthermore, Blount's complaint states the individual defendants are citizens of California, and Northrup Grumman contends that this Court may not have personal jurisdiction over them. *Id.* However, even if these parties were properly before this Court, it would not preclude compelling arbitration. "A non-signatory may invoke an arbitration clause under ordinary state-law principles of agency or contract." *Long v. Silver*, 248 F.3d 309, 320 (4th Cir. 2001). As the individual defendants are sued for events that "were committed within the scope of their employment, agency, or other similar relationship" with Northrup Grumman (Compl. ¶ 49), claims against those defendants (if they are ever served) must also be arbitrated. Furthermore, the addition of these parties to the lawsuit does not prevent Northrup Grumman from arbitrating claims against it.

action under Title VII. Nor do her state law claims of discrimination in violation of California statutes constitute a "tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention." (H103A at 4.) Blount has not alleged any common law causes of action for sexual harassment or discrimination. Even if she had, however, the underlying conduct of her allegations concern preferential treatment allegedly received by a colleague because of that colleague's consensual relationship with a supervisor. This does not form the basis for a sexual harassment claim under California law. *Proskel v. Gattis*, 49 Cal. Rptr. 2d 322, 324 (Cal. Ct. App. 1996) ("Where, as here, there is no conduct other than favoritism toward a paramour, the overwhelming weight of authority holds that no claim of sexual harassment or discrimination exists."); *see also Miller v. Dep't of Corrections*, 115 P.3d 77, 80 (Cal. 2005) ("[A]lthough an isolated instance of favoritism on the part of a supervisor toward a female employee with whom the supervisor is conducting a consensual sexual affair ordinarily would not constitute sexual harassment, when such sexual favoritism in a workplace is sufficiently widespread it may create an actionable hostile work

environment[.]") Therefore, all of Blount's claims are subject to arbitration.

### B. Remedy

Northrup Grumman has brought this motion to compel arbitration under Section 3 of the FAA. (Def.'s Mem. in Supp. at 1.) Pursuant to § 3, should a district court be satisfied that a valid arbitration agreement exists, it "*shall* . . . stay the trial of the action until such arbitration has been had[.]" 9 U.S.C. § 3 (emphasis added); *see Adkins*, 303 F.3d at 500 (stating the FAA's stay of litigation provision is "mandatory."). Northrup Grumman urges the Court to dismiss the action in its entirety because all of the claims are subject to arbitration. It cites to *Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.*, which states "[n]otwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." 252 F.3d 707, 709-10 (4th Cir. 2001); *see also Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 584 (4th Cir. 2012) ("Notably, *Choice Hotels* concerned whether dismissal was an authorized remedy under § 3[.]").

The Fourth Circuit has noted tension between its decision in *Choice Hotels* and *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999) (indicating a stay is required when the arbitration agreement covers the matter in

dispute).[5]  In its most recent decision on this topic, the Fourth Circuit declined to reach whether dismissal was an appropriate remedy under § 3 because the arbitration agreement was unenforceable for lack of mutual consideration.  *Noohi v. Toll Bros., Inc.*, 708 F. 3d 599, 605 n.2 (4th Cir. 2013).  The *Noohi* decision leaves the conflict between *Choice Hotels* and *Hooters of America* intact.  However, this Court's interpretation of *Choice Hotels* leads it to the conclusion that the quoted language upon which Northrup Grumman relies is dicta.  In *Choice Hotels*, the Fourth Circuit found that at least one of the claims was not arbitrable, and thus dismissal was not a proper remedy.  *Choice Hotels*, 252 F.3d at 712.  Thus, the language Northrup Grumman relies upon was extraneous to the Fourth Circuit's judgment in *Choice Hotels*.  Accordingly, this Court will stay the litigation pending the outcome of arbitration.  *See Green v. Zachry Indus., Inc.*,  --F. Supp. 2d --, No. 7-11CV00405, 2014 WL 1232413, *8 (W.D. Va. Mar. 25, 2014) (ordering case stayed pending arbitration, even when all claims subject to arbitration, due to "uncertainty" in Fourth Circuit case law).

---

[5] This intra-circuit tension mirrors a circuit split on this issue.  *Compare Cont'l Cas. Co v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005) ("[T]he proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings pending arbitration rather than to dismiss outright."), *with Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").

## IV. Conclusion

For the reasons set forth above, the Court will grant Defendant's Motion to Compel Arbitration and stay this action pending arbitration.  An appropriate order will follow.

|  |  |
|---|---|
| October 14, 2014 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |